UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PROGRESSIVE WEST INSURANCE COMPANY,

    Plaintiff,

  v.

SIMON H. PRECIADO,

    Defendant.
_____/

SIMON H. PRECIADO,

    Cross-Complainant,

  v.

PROGRESSIVE WEST INSURANCE COMPANY,

    Cross-Defendant.

NO. CIV. S-06-1785 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant/cross-complainant Simon Preciado's ("Preciado") motion to remand.[1] By

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

1

1 the motion, Preciado seeks an order of remand on the ground that
2 plaintiff/cross-defendant Progressive West Insurance Company
3 ("Progressive") untimely removed the instant action on the basis
4 of Preciado's amended cross-complaint as his *original* cross-
5 complaint was removable on the basis of diversity of citizenship.
6 In opposition to the motion, Progressive contends it timely
7 removed the action because (1) Preciado's claims in the original
8 cross-complaint did not meet the requisite $75,000 amount in
9 controversy threshold for federal diversity jurisdiction; and (2)
10 the amended cross-complaint alleged for the first time a class
11 action claim pursuant to the Class Action Fairness Act, 28 U.S.C.
12 § 1453, thus providing independently, federal question
13 jurisdiction over the case.

14  The court summarily GRANTS Preciado's motion but for a
15 wholly different reason (not raised or discussed by either
16 party).  As the *plaintiff* in the state court action, Progressive
17 cannot remove the instant action.  The right of removal is vested
18 exclusively in *defendants*.  "A plaintiff who has chosen to
19 commence an action in state court cannot later remove it to
20 federal court, *even to defend against a counterclaim*."  Abdullah
21 v. City of San Francisco, 1995 WL 225701 (N.D. Cal. Mar. 3, 1995)
22 (emphasis added) (*citing* Southland Corp. v. Estridge, 456 F.
23 Supp. 1296, 1300 (C.D. Cal. 1978) [holding that a plaintiff could
24 not subsequently remove an action to federal court upon being
25 served with a class action counterclaim]).  A plaintiff "who also
26 becomes a counterdefendant should not have . . . two chances to
27 pick the forum."  Southland Corp., 456 F. Supp. at 1301.

28

2

Accordingly, based on this clearly established rule,[2] Progressive improvidently removed this action on the basis of Preciado's *cross-complaint*.

As such, the court orders the instant action REMANDED to the Superior Court of the State of California, County of Yolo.

IT IS SO ORDERED.

DATED: October 2, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] The rule was initially set forth by the United States Supreme Court in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105-06 (1941) (interpreting former removal statute, 28 U.S.C. § 71).

3